UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REFUGIO DE LOS SANTOS, JR.<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN RESOURCE MANAGEMENT CORPORATION A/K/A MARTIN MARINE AND MARTIN MIDSTREAM PARTNERS, LP A/K/A MARTIN MARINE<br><br>    Defendants. | Civil Action No.<br><br>4:15-cv-671<br><br>*Jury Trial Requested* |

## COMPLAINT

Plaintiff Refugio De Los Santos (herein "De Los Santos" or "Plaintiff"), by and through undersigned counsel, for his Complaint against Defendants, MARTIN RESOURCE MANAGEMENT CORPORATION A/K/A MARTIN MARINE AND MARTIN MIDSTREAM PARTNERS, LP A/K/A MARTIN MARINE (herein collectively, "Defendants" or "Martin Marine"), alleges as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over the federal claims of the plaintiff in this action pursuant to 28 U.S.C. Section 1331, because the subject matter of De Los Santos' claims are premised on Title VII of the Civil Rights Act of 1964, 42

1

U.S.C. Section 2000e *et seq.*, and can exercise supplemental jurisdiction over any and all state law claims for violations of the Texas Labor Code.

2. Prior to instituting this suit, De Los Santos filed administrative claims with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") alleging sexual harassment based upon color/national origin by Martin Marine.

3. The EEOC issued a right-to-sue letter dated February 19, 2015. This Complaint is filed within 60 and 90 days after receipt of said letter.

4. Venue is proper in this Court as all material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

5. Suit is filed here based upon the protections afforded in Title VII of the 1964 Civil Rights Act, as amended, Sec. 703(a)(1) 42 USC §2000e-2(a)(1), Sec. 704 42 USC §2000e-3(a) and the Texas Labor Code § 21.001, *et. seq*.

## **PARTIES**

6. Plaintiff Refugio De Los Santos was employed by Martin Marine and was working on the MV LCPL Phillip C. George when the incidents made the basis of this lawsuit occurred in 2013 until Mr. Santos was injured on December 12, 2013 on a different vessel.

7. Defendant MARTIN RESOURCE MANAGEMENT CORPORATION A/K/A MARTIN MARINE is a Texas For-Profit Corporation

which can receive service of process by and through its registered agent, Chris Booth, 4200 B Stone Road, Kilgore, Texas 75662. MARTIN RESOURCE MANAGEMENT CORPORATION A/K/A MARTIN MARINE is an industry affecting interstate commerce and has more than 15 employees and is an "employer" within the meaning of Title VII, the Texas Labor Code and all applicable laws.

8.     Defendant MARTIN MIDSTREAM PARTNERS, LP A/K/A MARTIN MARINE is Delaware corporation which can receive service of process by and through its registered agent, Chris Booth, 4200 Stone Road, Kilgore, Texas 75662. MARTIN MIDSTREAM PARTNERS, LP is in an industry affecting interstate commerce and has more than 15 employees and is an "employer" within the meaning of Title VII, the Texas Labor Code and all applicable laws.

## FACTS

9.     Defendants hired Plaintiff to work on their MV fleet based in LaPorte, Harris County, Texas; Plaintiff was assigned to and began working on the MV LCPL Phillip C. George, a tugboat.

10.    MARTIN RESOURCE MANAGEMENT CORPORATION A/K/A MARTIN MARINE AND MARTIN MIDSTREAM PARTNERS, LP A/K/A MARTIN MARINE are joint employers as the companies share employees, act in the interests of one another in relation to employees and share control of

3

employment. Alternatively, MARTIN RESOURCE MANAGEMENT CORPORATION A/K/A MARTIN MARINE AND MARTIN MIDSTREAM PARTNERS, LP A/K/A MARTIN MARINE are integrated employers as they share management, have interrelated business operations, centralized control of labor relations and/or common ownership and/or financial control.

11. Plaintiff worked a schedule set by Defendants and on a vessel chosen by Defendants.

12. Plaintiff was the only Hispanic crew member on the MV LCPL Phillip C. George during the time period of the incidents reflected below. Plaintiff was targeted for sexual harassment.

13. On or about October 24, 2013, Chester Wetherell came up behind Plaintiff while he was working and bent over the bullworks. Wetherell stood behind Plaintiff and began "dry humping" him. Plaintiff reported this conduct to Timothy S. Davis, Matthew "Corey" Smart and Thomas Pugh (Relief Captain) and complained about the actions towards him and stated that he needed help to get it stopped.

14. This was not the first instance of sexual harassment Plaintiff had been subject to during his employment with Defendants. Plaintiff's sexual harassment began in late May and early June of 2013. However, Plaintiff had not previously complained because he was informed by Alton J. Chadwick (the MV Captain) that

if he reported the sexual harassment, Chadwick would get Plaintiff fired for insubordination.

15. Alton J. Chadwick, the MV Captain, was another individual who sexually harassed Plaintiff on numerous occasions including instances of grabbing his genitals and other sexually suggestive actions and comments. Chadwick also attempted to engage Plaintiff in discussions about the penis size of various individuals and tried to get Plaintiff to expose himself and let him (Chadwick) measure Plaintiff's penis. When Plaintiff complained of Chadwick's sexual harassment, Chadwick responded by stating that the crew had given up their rights when they hired on. Chadwick also threatened Plaintiff that he had to do what Chadwick told him or Plaintiff would be living under a bridge. Chadwick further threatened Plaintiff, once Plaintiff locked his room door to keep Chadwick out when Chadwick began wandering in his room to harass Plaintiff while Plaintiff was trying to sleep, that if Plaintiff locked the door again he was going to take the doorknob off.

16. Included in the harassment were the following:

    a. Repeated physical touching of Plaintiff's non-sexual body parts in a solicitous and sexual manner by Chadwick;

    b. Warning of Plaintiff by Chadwick that he should not have sexual partners other than himself when not on the vessel;

    c. Discussion of penis size by Chadwick and at the same time grabbing Plaintiff's genitalia from the back between Plaintiff's legs to determine the size of Plaintiff's penis;

    d. Continuous commentary with Plaintiff and others by Chadwick on the size of various crew members penises;

    e. Intimidation by Chadwick through threats of termination of employment and through hyper-scrutiny of both work activities and personal areas such as the repeated requirement of making and re-making Plaintiff's bed, among other activates too numerous to list here;

    f. A co-worker moving his clothed genitals against the Plaintiff ("dry-humping") while the Plaintiff was working;

    g. Other actions and activities of a sexual nature.

17. The insinuation was that Chadwick desired to sexually demoralize the Plaintiff.

18. rePlaintiff reported the ongoing sexual harassment again to Relief Captain Thomas Pugh at a safety meeting on October 29, 2013. At that time, Pugh stated that he would relay the report to the Personnel Department. Pugh spoke to Jodi Bergan and relayed Plaintiff's complaint of sexual harassment and the hostile work environment higher in management.

19. After the complaint was made to the Personnel Department, the hostility increased and Plaintiff was subjected to retaliation and increased harassment and hostile work environment.

20. It was known by the crew and officers of the vessel that Plaintiff was being sexually harassed and that this conduct was unwelcome and having a negative effect on Plaintiff. Nothing was done to stop the harassment or to protect Plaintiff from the ongoing hostile work environment.

21. Plaintiff was transferred to another vessel instead of the bad actor(s) being disciplined. Plaintiff was told by the Defendants that even though he had been moved to another vessel, that Chadwick still had supervisory authority over him.

22. Thereafter, Plaintiff was injured on December 12, 2013 on a different vessel.

23. Plaintiff was terminated on January 27, 2014 in retaliation for his complaints and his refusal to allow the ongoing sexual harassment.

24. The actions directed towards Plaintiff were demeaning, humiliating, hostile, aggressive, unprofessional, and constituted harassment and a hostile work environment that was severe, egregious, pervasive and altered the terms and conditions of his employment. These events occurred continuously from approximately May 2013 until Plaintiff's termination.

25. Plaintiff was targeted for sexual and gender harassment, a hostile work environment, and discrimination because of his gender (male) and retaliation for his complaints about the sexual harassment, discriminatory conduct and hostile work environment.

26. Plaintiff was intentionally subjected to different terms and conditions of employment, including termination. He was also subjected to retaliation for complaining and refusing to accept the sexual harassment.

27. Upon information and belief, another employee filed a sexual harassment report with the Defendants' Human Resources Department in relation to Alton J. Chadwick prior to Plaintiff's report, but that the Defendants did nothing to prevent the possibility that Chadwick might harass and discriminate against others, such as your Plaintiff.

## CAUSES OF ACTION

**SEXUAL HARRASSMENT/GENDER DISCRIMINATION/RETALIATION**
**[Title VII and Chapter 21 Texas Labor Code]**
**(Against All Defendants)**

28. Plaintiff re-alleges and incorporates all allegations of this Complaint as if fully set forth herein.

29. Plaintiff was targeted for sexual harassment and then retaliated against by Defendants once he reported the harassment, hostile environment and discrimination.

30. By its acts and omissions alleged above, Defendants intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, and then terminated his employment on the basis of Plaintiff 's complaint/reporting, in violation of Title VII and the Texas Labor Code.

31. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proved at trial.

32. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, in amounts within the jurisdictional limits of this Court, to be proved at trial.

33. In acting as alleged above, Defendants acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at trial.

34. As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 2000e-5(k).

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Refugio De Los Santos, Jr. prays for the following relief:

Entry of judgment in favor of Plaintiff and against Defendants for:

a. Back pay;

b. Front pay;

c. Compensatory damages;

d. Punitive damages;

e. Reasonable attorneys' fees and court cost associated with this suit;

f. Awarding prejudgment interest, costs and disbursement as appropriate herein; and

g. Other such relief as may be appropriate to effectuate the purposes of Title VII and the Texas Labor Code and as this Court and jury deems equitable, appropriate, and just.

Respectfully submitted,

*/s/ Charles H. Peckham*

_____
Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@peckhampllc.com

Mary A. Martin
TBN:  00797280
FBN:  12272
mmartin@peckhampllc.com

PECKHAM, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044
(713) 493-2255 – facsimile

COUNSEL FOR PLAINTIFF